IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALDO DAVICO, JR.,

                Plaintiff,        Civil No. 05-6052-TC

v.                                    FINDINGS AND
                                                      RECOMMENDATION

GLAXOSMITHKLINE PHARMACEUTICALS,

                Defendants.

COFFIN, Magistrate Judge:

       This Court recommended the granting of defendant GlaxoSmithKline's motion for summary judgment. Plaintiff filed objections, but District Court Judge Aiken adopted the recommendation and dismissed the case. Defendant filed a Bill of Costs and plaintiff filed objections thereto. Plaintiff also appealed the underlying case, but this court retains jurisdiction to address matters ancillary to the appeal. As such, defendant's Bill of Costs (#123) is presently before the court.

Defendant currently seeks $8,456.90 in costs.[1] Copying costs of $45.75 are not disputed. Plaintiff has several objections related to the remaining $8,456.90. Such costs are associated with depositions.

## Discussion

28 U.S.C. § 1920 sets forth expenses that may be taxed as costs against the losing party. Subsection (2) provides:

> Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.

28 U.S.C. § 1920(2). Fees incurred in obtaining deposition transcripts may be recovered under such section, but the court must determine whether the transcript was necessarily obtained for use in the case. Kibee v. City of Portland, 2000 WL 1643535, *2 (D. Or. Oct. 12, 2000)(internal quotation marks and citations omitted). A deposition need not be absolutely indispensable to justify an award of costs; rather it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition. Id.

The entirety of plaintiff's deposition was reasonably necessary at the time it was taken and the entire transcript of the deposition was necessarily obtained for use in the case. Plaintiff was certainly the central witness in the case for plaintiff and would perhaps be the only witness for plaintiff at trial. His deposition and the

---

[1] Such amount is approximately $900 less than the original Bill as defendant has withdrawn its request for Livenote charges. Livenote presents the transcript in real time thereby allowing attorneys to read the transcript during a deposition.

2 - FINDINGS AND RECOMMENDATION

transcript of the deposition were vital for defendant to understand plaintiff's testimony regarding the key events in the case. Moreover, the transcript was cited repeatedly throughout the successful motion for summary judgment.[2] The use of the transcript from plaintiff's deposition clearly satisfies the requirements of 28 U.S.C. § 1920(2). See Hutchens v. Hutchens-Collins, 2007 WL 319990 *2-3 (D. Or. Jan 30, 2007)("plaintiff's deposition was not merely for the convenience of defendant's counsel, but was reasonably necessary to determine whether to file a summary judgment motion, which was ultimately successful, and, if necessary, to use later at trial for cross-examination and impeachment purposes.")[3]

Plaintiff's deposition took place over three days, two in Eugene and one in Washington D.C. Plaintiff contends that defendant should only be allowed to recover court reporter costs associated with the first 7 hours of the first day as there was no stipulation by the parties to exceed this amount of time for the deposition. Plaintiff is correct to the extent that Fed. R. Civ P. 30 provides, in pertinent part, that unless otherwise stipulated, a deposition is limited to one day of 7 hours. Plaintiff is incorrect in stating that there was no stipulation. The stipulation does not have to be a formal written one. Plaintiff's counsel did not make any objection to the length of the deposition. P. 2 of Force Affidavit(#129). Plaintiff's counsel did not object after the first day, he did not object after

---

[2]Defendant cited 226 pages of plaintiff's deposition transcript in its motion for summary judgment and such was instrumental in the motion's success.

[3]In addition, the cost associated with the ordering of the transcripts on an expedited basis is appropriate in light of the circumstances at the time of ordering. See p. 3 of Reply (# 132).

3 - FINDINGS AND RECOMMENDATION

or during the second day, or the third day. At the beginning of the second day, plaintiff noted he drank too much coffee and couldn't sleep the night before, and counsel for plaintiff and defendant agreed that the extension of the deposition would take place in Washington D.C. as plaintiff resided in Northern Virginia at that time and defendant's counsel were in the Washington area. Defendant agreed to pay the travel expenses of plaintiff's counsel to facilitate doing the deposition back East. Plaintiff's counsel does not argue and there is no support in the record that he objected or reserved his right to object to the length of the deposition. As such, his argument regarding the costs associated with the length of the deposition is not persuasive.

Similarly unpersuasive is plaintiff's objection that the court reporter in Washington charged a higher rate than the court reporter in Oregon. Plaintiff provides no legal basis for this objection, he consented to the deposition taking place in Washington by his residence as it was the most economical and expeditious way of completing the deposition, and he benefitted by the defendant paying the travel expenses of his counsel.

Defendant seeks to recover the costs of videotaping plaintiff's depositions in the amount of $2,297.50. Defendant states:

> It was also important to videotape plaintiff's deposition because he almost certainly would have been the central (and perhaps only) witness at trial for the plaintiff, and [defendant] needed to ensure that the jury would be able to see and hear for itself the testimony that he provided in the deposition.

P. 2 of Bill of Costs (#123).

Defendant also states:

4 - FINDINGS AND RECOMMENDATION

> Plaintiff was the central witness. The deficiencies in his testimony proved to be dispositive of this matter on summary judgment, and the testimony would have been vital to [defendant's] defense if the case had proceeded to trial. In these circumstances it was imperative for [defendant] to preserve his testimony in the manner that would be most effective for a jury to review, which was a videotape.

P. 2 of Reply (#132).

Such reasoning does not support the charging of videotape expenses to plaintiff. This court would not allow the presentation of the videotapes to a jury at trial for the purposes of impeachment and seriously doubts that Judge Aiken would either. Use of depositions at trial to impeach witnesses should be done succinctly and efficiently and it is completely unnecessary to play a videotape to make the point that a witness said something at deposition that is inconsistent with trial testimony. In short, if a party wishes to videotape a deposition that is not a perpetuation deposition, it may certainly do so at its own expense, but this court is not going to pass on what it views to be an unnecessary expense to the other party by awarding such in a bill of costs. Although certain district courts in other circuits have exercised their broad discretion in allowing videotaping costs, and their respective appellate courts have not found an abuse of that discretion, this court respectfully declines to exercise its broad discretion in such a manner for the reasons stated above.

The costs of videotaping should not be allowed and the Bill of Costs should be reduced by $2297.50

All other arguments in the Bill and Objections have been considered and found unpersuasive.

5 - FINDINGS AND RECOMMENDATION

## Conclusion

As discussed above, Defendant's Bill of Costs (#123) should be allowed to the extent that costs are taxed against plaintiff in the amount of $6,205.15.

DATED this 23 day of January, 2008.

_____
THOMAS M. COFFIN
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION